**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 02-60226-CIV-Gold/Simonton

**CLOSED
CIVIL
CASE**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) |
| ACCESS RESOURCE SERVICES, INC., dba Aura Communications; Circle of Light; Mind and Spirit; and Psychic Readers Network, | ) |
| PSYCHIC READERS NETWORK, INC., | ) |
| STEVEN L. FEDER, | ) |
| and | ) |
| PETER STOLZ | ) |
| Defendants. | ) |



FILED by _____ D.C.

NOV 0 4 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## [PROPOSED] STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed a Complaint for a permanent injunction and other equitable relief in this matter pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the FTC's 900-Number Rule entitled "Trade Regulation Rule Pursuant to the Telephone Disclosure and Dispute Resolution Act of 1992" (the "900-Number Rule" or the "Rule"), 16 C.F.R. Part 308. The parties, by and through their respective attorneys, have agreed to settle this action without adjudication of any issue of fact or law. Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED:**

1



## FINDINGS

1.  This Court has jurisdiction of the subject matter of this case and there is good cause to believe it will have jurisdiction of all parties hereto.

2.  Venue lies properly with this Court.

3.  This Order is in the best interests of all the parties to this action and is in the public interest.

4.  Plaintiff's Complaint states a claim upon which relief may be granted against Defendants under Section 5, 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. 45, 53(b), and 57b, and under the 900 Number Rule, 16 C.F.R. Part 308.

5.  No security is required of any agency of the United States for issuance of a restraining order. Fed. R. Civ. P. 65(c).

6.  Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants further waive any claim that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any claims they may have against the Commission, its employees, representatives, or agents.

7.  This Order is remedial in nature and shall not be construed as the payment of a fine, penalty, punitive assessment, or forfeiture.

8.  Without making any admission that they have engaged in any violations of any law or regulation, Defendants acknowledge that the FTC has a good faith basis for the allegations made in its Complaint.

9.  This Order does not constitute and shall not be interpreted to constitute an admission by Defendants that they have engaged in violations of any law or regulations, including but not limited to the 900 Number Rule or the Federal Trade Commission Act.

10.  Defendants enter into this Order freely and without coercion and acknowledge that they understand the provisions of this Order and are prepared to abide by them.

## DEFINITIONS

For purposes of this Order:

1.     "Pay-per-call service" has the meaning provided by section 308.2(c) of the 900-Number Rule, 16 C.F.R. § 308.2(c).

2.     "Audiotext" means an information or entertainment service provided and delivered through the Internet, telephone lines, through any dialing pattern, or through return calls to a telephone.

3.     "Billing error" has the meaning provided by section 308.7(a)(2) of the 900-Number Rule, 16 C.F.R. 308.7(a)(2).

4.     "Defendants" means Access Resource Services, Inc. ("ARS"), Psychic Readers Network, Inc. ("PRN"), Steven L. Feder ("Feder"), and Peter Stolz ("Stolz"), and any affiliated entity, including but not limited to Oshun 5 Communications, Inc., Real Communications, Inc., and Central Talk Management, Inc.

5.     "Corporate Defendants" means Access Resource Services, Inc. ("ARS"), Psychic Readers Network, Inc. ("PRN"), and any affiliated entity, including but not limited to Oshun 5 Communications, Inc., Real Communications, Inc., and Central Talk Management, Inc.

6.     "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or non-identical copy is a separate document within the meaning of the term.

7.     "Assets" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located.

8.     The terms "and" and "or" have both conjunctive and disjunctive meanings.

3

9.   "Person(s)" shall mean natural persons, proprietorships, partnerships, companies, firms, corporations, joint ventures, societies, associations, or any form of legal entity.

## ORDER

## I. PROHIBITION AGAINST FALSE OR MISLEADING STATEMENTS

**IT IS THEREFORE ORDERED** that, in connection with the advertising, promotion, offering for sale, sale, delivery, or billing or collecting for, any pay-per-call or audiotext services, Defendants and each of them, and their officers, directors, agents, servants, employees, salespersons, corporations, subsidiaries, affiliates, successors, assigns, or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby permanently restrained and enjoined from making any express or implied representation or omission of material fact that is false or misleading, in any manner, orally or in writing, to any consumer, including, but not limited to, the following:

A.   Any false or misleading representation regarding the cost to receive the service or the cost of calling the service;

B.   Any false or misleading representation regarding the duration of that portion of the service that consumers will receive at no cost, including but not limited to any representation that a consumer will receive a certain number of minutes of the service at no cost that does not also clearly and conspicuously disclose that some portion of those minutes may be consumed by recorded preambles, the collection of personal information, or any other administrative matter;

C.   Any false or misleading representation regarding the cost of remaining on the telephone line or other costs associated with the service;

D.   Any false or misleading representation that any consumer is obligated to pay for any charges for any calls made or purportedly made to the service; and

E.   Any false or misleading representation that if a consumer fails to pay any charge, Defendants will report that failure to a credit reporting agency, sue that consumer, or institute any other action against that consumer.

4

## II.

## PROHIBITION AGAINST UNFAIR TELEMARKETING

**IT IS FURTHER ORDERED** that, in connection with the advertising, promotion, offering for sale, sale, delivery, or billing or collecting for any pay-per-call or audiotext services, Defendants and each of them, and their officers, directors, agents, servants, employees, salespersons, corporations, subsidiaries, affiliates, successors, assigns, or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby permanently restrained and enjoined from calling consumers to solicit the use of any of Defendants' services without providing consumers with a reasonable method to cause Defendants to cease making such calls.

## III.

## PROHIBITION AGAINST VIOLATING THE 900-NUMBER RULE

**IT IS FURTHER ORDERED** that, in connection with the advertising, promotion, offering for sale, sale, delivery, or billing or collecting for any pay-per-call service or telephone billed purchase, Defendants and each of them, and their officers, directors, agents, servants, employees, salespersons, corporations, subsidiaries, affiliates, successors, assigns, and other entities or persons directly or indirectly under their control, and all persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, are permanently restrained and enjoined from violating, or assisting others in violating, any part of the 900-Number Rule, 16 C.F.R. Part 308, including but not limited to:

A.    In any advertisement for any pay-per-call service, failing to disclose the cost of a call to access such service clearly and conspicuously;

B.    Using any representation in any advertisement for a pay-per-call-service that is contrary to, or inconsistent with, or in mitigation of any required cost disclosure, including but not limited to: representations that callers receive a "free reading" or "free tarot reading" when in fact they do not receive a complete reading at no cost; representations that the 900 number provided to callers has been "prepaid;" representations that the service can be reached through a

"free call;" or use of toll-free telephone numbers in an advertisement without disclosing in the same advertisement that the advertised service is accessed through 900 numbers;

C.       Using any audio, video, or print technique in any advertisement for a pay-per-call service that is likely to detract significantly from the communication of any required cost disclosure, as prohibited by the 900-Number Rule, 16 C.F.R. 308.3(a)(5), including, but not limited to: display of any disclosure about costs or time limits associated with the advertised service in relatively small and difficult to read print; or display of any disclosure about costs or time limits associated with the advertised service only briefly and intermittently; and

D.       Once a consumer has submitted notice of a billing error, directly or indirectly threatening to report, or reporting, adverse information to any person due to the consumer's withholding of payment of the disputed charge, without first meeting the requirements stated in Section 308.7(d) of the 900-Number Rule, 16 C.F.R. 308.7(d), as prohibited by the 900-Number Rule, 16 C.F.R. 308.7(i)(1).

## IV.

### COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that Defendants and each of them, their successors, assigns, officers, agents, servants, employees and distributors, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promotion, offering for sale, sale, delivery, or billing or collecting for any pay-per-call service or telephone billed purchase marketing program are permanently enjoined and restrained from:

A.       Failing to take reasonable steps sufficient to monitor and ensure that all Defendants' agents, representatives, employees, or independent contractors comply with Paragraphs I, II, and III of this Order.  Reasonable steps shall include, at a minimum, establishing and maintaining a compliance program which includes random, blind testing of the oral representations made by any representative or independent contractor; spot checking of consumers to ensure that no misrepresentations were made; and ascertaining the number and nature of any consumer complaints received by Defendants, their successors, assigns, officers,

agents, servants, employees and distributors, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise. Defendants shall submit to the Commission three summary reports indicating their efforts to comply with the requirements of this Paragraph, the first due 180 days after the anniversary of the date of entry of this Order, the second due 360 days after the anniversary of the date of entry of this Order, and the third due 520 days after the anniversary of the date of entry of this Order. These reports shall be submitted to the Commission's Associate Director for Marketing Practices at the address listed in Paragraph XIII.D.

B.      Failing to investigate and resolve promptly any consumer complaint received by Defendants their successors, assigns, officers, agents, servants, employees and distributors, and those persons in active concert or participation with them who receive actual notice of this Order, and to notify the consumer of the resolution of the complaint and the reason therefore.

## V.

### AUDITOR'S REPORT AND CESSATION OF PAY-PER-CALL ACTIVITY BY CORPORATE DEFENDANTS

**IT IS FURTHER ORDERED** that:

A.   Corporate Defendants shall cease all pay-per-call activity, on or before the date of entry of this Order or September 1, 2002, whichever is later.

B.   Within sixty (60) days after entry of this Order, the Auditor, Gerald Wald, shall file a final report to this Court describing the scope of the Auditor's activities and reporting on the Defendants compliance with Subparagraph A of this Section and Section VII. Upon the Court's approval of the final report, the Auditorship shall be terminated.

C.   The Auditor and all personnel hired by the Auditor as authorized by the Court, including counsel to the Auditor, shall be entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, any Defendant. Within ninety (90) days after entry of this Order, the Auditor shall

file with the Court, and serve on the parties, a final accounting and request for the payment of such reasonable compensation.

## VI.

## MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A.    Judgment is entered against Defendants ARS, PRN, Feder, and Stolz, jointly and severally, in the amount of Two Hundred and Fifty Million Dollars ($250,000,000).

B.    The Judgment entered in Subparagraph A shall be suspended upon Defendants' timely payment of Five Million Dollars ($5,000,000) to the Federal Trade Commission pursuant to Subparagraph C of this Section and subject to Section VIII of this Order.

C.    Defendants shall transfer Five Million Dollars ($5,000,000) to the Federal Trade Commission within three (3) business days after entry of this Order by the Court.

D.    All monies paid pursuant to this Section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress fund, and payment of any Court-approved fees and expenses of the Auditor.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the Treasury as disgorgement.  Defendants shall have no right to challenge the Commission's choice of remedies under this Section.

## VII.

## CEASE COLLECTIONS, PROVIDE NOTICES TO CONSUMERS

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or through any corporation, subsidiary, division, or other device, shall:

A.    Immediately cease all collection efforts on accounts or claims, totaling approximately Five Hundred Million Dollars ($500,000,000), arising from contracts, agreements,

8

or understandings between Defendants and consumers who purchased or purportedly purchased any pay-per-call or audiotext services. The cessation of such efforts includes, but are not limited to, directing all third parties engaged in collection efforts regarding such accounts or claims to cease immediately all such collection activities and to cease furnishing any negative information to any consumer reporting agencies;

B.    Within twenty (20) days after the date this Order is entered: 1) return to consumers all uncashed checks or other negotiable instruments, in Defendants' possession that have been received by Defendants directly or indirectly, on accounts or claims arising from contracts, agreements, or understandings between Defendants and consumers who purchased or purportedly purchased any pay-per-call or audiotext services; and 2) include with each such returned check or other negotiable instrument a notice to the consumer stating that, as a result of an agreement between Defendants and the Federal Trade Commission settling allegations regarding Defendants' provision of pay-per-call or audiotext services, those consumers' contracts, agreements, and understandings are rescinded; and

C.    Within sixty (60) days after the date this Order is entered, provide the names and addresses of those consumers to whom checks or other negotiable instruments were returned pursuant to Paragraph B above to: Robert Schoshinski, Esq., Federal Trade Commission, 600 Pennsylvania Ave., N.W., Rm. #238, Washington, D.C. 20580.

## VIII.

## RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.    The Commission's agreement to, and the Court's approval of, this Order is expressly premised upon the truthfulness, accuracy, and completeness of the sworn financial statements of Defendants dated as follows: ARS and PRN, March 7, 2002; Feder, August 15, 2002; and Stolz March 7, 2002; and any sworn amendments thereto submitted by the Defendants to the Commission through August 16, 2002, which contain material information relied upon by the Commission in negotiating and agreeing to the terms of this Order.

B.    If, upon motion by the Commission, this Court should find that Defendants ARS, PRN, or Feder, made a material misrepresentation or omitted material information concerning their respective financial condition, then the Court shall enter a modified judgment holding Defendants ARS, PRN, and Feder jointly and severally liable to the Commission in the amount of Two Hundred and Fifty Million Dollars ($250,000,000), which, upon such finding by the Court, Defendants ARS, PRN, and Feder, and the Commission will stipulate, only for the purpose of this Section of the Order, is the consumer injury caused by the actions alleged in the Complaint. This amount shall become immediately due and payable by Defendants ARS, PRN, and Feder, and interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance.

C.    If, upon motion by the Commission, this Court should find that Defendant Stolz made a material misrepresentation or omitted material information concerning his financial condition, then the Court shall enter a modified judgment holding Defendant Stolz liable to the Commission in the amount of Two Hundred and Fifty Million Dollars ($250,000,000), which, upon such finding by the Court, Defendant Stolz and the Commission will stipulate, only for the purpose of this Section of the Order, is the consumer injury caused by the actions alleged in the Complaint. This amount shall become immediately due and payable by Defendant Stolz, and interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance.

D.    Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by the Commission to enforce its rights pursuant to this Order, including, but not limited to, a non-dischargeability complaint filed in any bankruptcy proceeding.

E.    Any proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this Order.

## IX.

## LIFTING OF RESTRICTION ON FINANCIAL TRANSFERS

**IT IS FURTHER ORDERED** that the restriction on financial transfers on each of the Defendants pursuant to Section IV of the Preliminary Injunctions entered by this Court on April 1, 2002, shall be lifted upon entry of this Order.

## X.

## CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendants and each of them and their successors, assigns, agents, servants, employees, officers, and all persons or entities directly or indirectly under their control, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each such person, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any consumer who accessed or purportedly accessed Defendants' pay-per-call or audiotext services, to the extent that such information was obtained on or before the date of entry of this Order; *provided* that Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order or to any contractor or vendor of the Defendants for the purposes of billing Defendants' own charges only.

## XI.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall each:

A.     Provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each officer or director, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors, or otherwise,

immediately upon employing or retaining any such persons, for any business related to pay-per-call or audiotext services where such Defendant is the majority owner of the business or directly or indirectly manages or controls the business; and

B.    Maintain for a period of three (3) years after creation and, upon reasonable notice, make available to representatives of the Commission, the original signed and dated acknowledgments of the receipt of copies of this Order, as required by this Section.

## XII.

## RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendants and their agents, employees, corporations, successors and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with any business related to pay-per-call or audiotext services where any Defendant is the majority owner of the business or directly or indirectly manages or controls the business, are hereby restrained and enjoined from failing to create, and from failing to retain the following records:

A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.    Personnel records reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.    Complaint and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests; and

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials.

## XIII.

## COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored, Defendants shall each:

A.    For a period of five (5) years from the date of entry of this Order, notify the Commission of the following:

1.    Any changes in their residence address, mailing address, and telephone number, within ten (10) days of the date of such change;

2.    Any changes in their employment status (including self-employment) within ten (10) days of such change. The notice shall include the name and address of each business with which such Defendant is affiliated or employed, a statement of the nature of the business, and a statement of his duties and responsibilities in connection with the business or employment; and

3.    Any proposed change in the structure of any business entity owned or controlled by such Defendant, such as creation, incorporation, dissolution, assignment, sale, merger, creation or dissolution of subsidiaries, proposed filing of a bankruptcy petition, or change in the corporate name or address, or any other change that may affect compliance obligations arising out of this Order, thirty (30) days prior to the effective date of any proposed change; *provided, however*, with respect to any such proposed change about which either Defendant Feder or Stolz learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as practicable after learning of the proposed change;

B.    One hundred eighty (180) days after the date of entry of this Order, Defendants shall each provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include but not be limited to:

1.    Such Defendant's then current residence and mailing addresses and telephone number;

2. Such Defendant's then current employment, business address, and telephone number, a description of the business activities of each such employer, and Defendant's title and responsibilities for each employer;

3. A copy of each acknowledgment of receipt of this Order obtained by such Defendant pursuant to Section XI of this Order; and

4. A statement describing the manner in which such Defendant has complied and is complying with the injunctive provisions in Sections I through IV of this Order.

C. Upon written request by a representative of the Commission, Defendants shall submit additional written reports (under oath, if requested) and produce documents on fifteen (15) days' notice with respect to any conduct subject to this Order.

D. For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Associate Director
Division of Marketing Practices
Federal Trade Commission, Room 238
600 Pennsylvania Avenue, NW
Washington, D.C. 20580

Re: FTC v. Access Resource Services, Inc.

E. For the purposes of this Section, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employers" includes any individual or entity for whom any Defendant performs services as an employee, consultant, or independent contractor.

F. For purposes of the compliance reporting required by this Section, the Commission is authorized to communicate directly with Defendants.

G. Reporting pursuant to this Section, if designated as "Confidential" by any Defendant, shall be subject to the Protective Order entered in this proceeding.

## XIV.

## COMMISSION'S AUTHORITY TO MONITOR COMPLIANCE

**IT IS FURTHER ORDERED** that the Commission is authorized to monitor the Defendants' compliance with this Order by all lawful means, including but not limited to, the following means:

A.    The Commission is authorized, without further leave of court, to obtain discovery from any person in the manner provided by Chapter V of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 27-34 and 36-37, including the use of compulsory process pursuant to Fed. R. Civ. P. 45, for the purpose of monitoring and investigating their compliance with any provision of this Order;

B.    The Commission is authorized to use representatives posing as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by them, without the necessity of identification or prior notice;

C.    Nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to investigate whether Defendants have violated any provision of this Order or Section 5 of the FTC Act, 15 U.S.C. § 45; and

D.    For purposes of the compliance monitoring authorized by this Section, the Commission, and its agents, are authorized to communicate directly with any Defendant.

## XV.

## ACCESS TO BUSINESS PREMISES

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, for the purpose of further determining compliance with this Order, Defendants shall, within three (3) business days of receipt of written notice from the Commission, permit representatives of the Commission:

A.    Access during normal business hours to any office, or facility storing documents, of any business related to pay-per-call or audiotext services where any such Defendant is the majority owner of the business or directly or indirectly manages or controls the business.  In

15

providing such access, Defendants shall permit representatives of the Commission to inspect and copy all documents relevant to any matter contained in this Order, and shall permit Commission representatives to remove documents relevant to any matter contained in this Order for a period not to exceed ten (10) business days so that the documents may be inspected, inventoried, and copied;

B.   To interview the officers, directors, and employees, including all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors, or otherwise, of any business to which Paragraph A of this Section applies, concerning matters relating to compliance with the terms of this Order.  The person interviewed may have counsel present;

C.   For purposes of the access request permitted by this Section, the Commission is authorized to communicate directly with any of the Defendants.

D.   *Provided that*, upon application of the Commission and for good cause shown, the Court may enter an *ex parte* order granting immediate access to the premises of any business to which Paragraph A of this Section applies, for the purposes of inspecting and copying all documents relevant to any matter contained in this Order.

## XVI.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, within five (5) business days after receipt of this Order as entered by the Court, Defendants ARS, PRN, Feder, and Stolz shall each submit to the Commission a truthful sworn and notarized statement, in the form attached to this Order as Appendix A, acknowledging receipt of this Order as entered by this Court.

## XVII.

## COSTS AND ATTORNEYS FEES

**IT IS FURTHER ORDERED** that each party to this Order bear its own costs and attorneys fees incurred in connection with this action.

16

## XVIII.

## INDEPENDENCE OF OBLIGATIONS

**IT IS FURTHER ORDERED** that the expiration of any requirements imposed by this Order shall not affect any other obligation under this Order.

## XIX.

## COURT'S RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this _4_ day of _Dec_ , 2002, at _9:00_ o'clock _A._m.

_____
Judge Alan Gold
United States District Judge
Southern District of Florida
Miami Division

17

DEFENDANTS

Access Resource Services, Inc.
by _____
(title) _____ President
_____8/27/02_____
Date

Psychic Readers Network, Inc.
by _____
(title) _____ president
_____8/27/02_____
Date

_____
Steven Feder

_____8/27/02_____
Date

_____
Peter Stolz

_____8/27/02_____
Date

_____
Joel Dichter
Sean Moynihan
Attorney for All Defendants
Klein, Zelman, Rothermel, & Dichter
485 Madison Ave.
New York, NY 10022
(212) 935-6020

_____Aug. 26, 2002_____
Date

PLAINTIFF

_____
Robert Schoshinski (Special Bar
No. A5500684)
Laurie Meehan
Attorneys for Plaintiff
Federal Trade Commission
600 Pennsylvania Ave., NW Room 238
Washington, DC 20580
(202) 326-3219 (phone)
(202) 326-2449(fax)

_____10/29/02_____
Date

18